UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JULIET ESPINOZA,
and other similarly
situated individuals,

  Plaintiff(s),

v.

KCF TECHNOLOGIES, INC.

  Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

  Comes now the Plaintiff JULIET ESPINOZA and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant KCF TECHNOLOGIES, INC., and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JULIET ESPINOZA is a resident of Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant KCF TECHNOLOGIES, INC. (from now on KCF TECHNOLOGIES, or Defendant) is a Foreign Limited Liability Company authorized to do business in Florida.

Defendant performed business in Dade County within this Honorable Court Jurisdiction. Defendant KCF TECHNOLOGIES was and is engaged in interstate commerce.

4. Defendant KCF TECHNOLOGIES was and is now the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Dade County, Florida, within this Honorable Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff JULIET ESPINOZA as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June 2022, (the "material time") without being adequately compensated.

7. Defendant KCF TECHNOLOGIES is a provider of technology services, machine health optimization, monitoring, and maintenance solutions, to all industries throughout the Country.

8. The Employer, KCF TECHNOLOGIES, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a provider of technology services to the industries. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant

uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce, selling insurance policies for companies operating across interstate lines. Plaintiff regularly used the mail and other channels and instrumentalities of interstate commerce. Therefore, there is FLSA individual coverage.

10. Defendant KCF TECHNOLOGIES employed Plaintiff JULIET ESPINOZA as a non-exempted, full-time employee from or about June 27, 2022, to March 13, 2023, or 37 weeks.

11. At the time of her hiring, Plaintiff was promised a salary of $1,153.85, covering 40 hours of work per week.

12. Plaintiff was hired as a full-time inside sales employee. Plaintiff sold technological diagnostic, optimization, and maintenance services to the industries over the phone. Plaintiff used her home as headquarters and fixed place of business.

13. Plaintiff's held the position of business development representative, and her duties included soliciting and arranging sales meetings with targeted companies. Plaintiff reported to supervisor Sean Buda.

14. During her employment with Defendants, Plaintiff had an official regular mandatory schedule of five days per week from 8:30 AM to 5:00 PM, or 40 hours weekly. However,

Plaintiff worked from Monday to Friday from 8:30 AM to 8:00 PM, (11 hours daily) or a total of 55 hours weekly. Plaintiff has already deducted 30 minutes as lunchtime daily.

15. Every week, Plaintiff worked in excess of 40 hours. However, she was paid the same salary regardless of the number of hours worked during the week. Plaintiff was not paid for overtime hours, as required by law.

16. Plaintiff did not clock in and out, but Defendant was in absolute control of her schedule and activities. Defendant assigned Plaintiff prospective leads that she had to contact and handle. Plaintiff worked under close supervision of her superiors, and Defendant knew about the number of hours that Plaintiff and other similarly situated individuals were working.

17. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid bi-weekly by direct deposits without accurate paystubs providing information about the actual number of hours worked.

19. On or about March 13, 2023, Plaintiff was forced to resign because she disagreed with a Performance improvement plan that Defendant imposed on her. Plaintiff gave Defendant a one-week notice. As a result, Defendant fired Plaintiff effective immediately.

20. Plaintiff is not in possession of time and payment records, but she will provide an estimate of her unpaid overtime hours based on her weekly salary plus a weekly average of commissions. Plaintiff will amend her statement of claim after discovery.

21. Plaintiff JULIET ESPINOZA seeks to recover unpaid half-time overtime wages for every hour worked over 40 during her entire employment, liquidated damages, and any other relief as allowable by law. Plaintiff also intended to recover unpaid commissions.

## Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

24. This action is intended to include every business development representative, sales employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

25. Plaintiff JULIET ESPINOZA re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. Defendant KCF TECHNOLOGIES employed Plaintiff JULIET ESPINOZA as a non-exempted, full-time employee from or about June 27, 2022, to March 13, 2023, or 37 weeks.

27. At the time of her hiring, Plaintiff was promised a salary of $1,153.85, intended to cover 40 hours of work per week.

28. Plaintiff was hired as a full-time inside sales employee. Plaintiff sold technological services to the industries over the phone. Plaintiff used her home as headquarters and fixed place of business.

29. Plaintiff's held the position of business development representative, and her duties included soliciting and arranging sales meetings with targeted companies. Plaintiff reported to supervisor Sean Buda.

30. During her employment with Defendants, Plaintiff had an official regular mandatory schedule of five days per week from 8:30 AM to 5:00 PM, or 40 hours weekly. However, Plaintiff worked from Monday to Friday from 8:30 AM to 8:00 PM, (11 hours daily) or a total of 55 hours weekly. Plaintiff has already deducted 30 minutes as lunchtime daily.

31. Every week, Plaintiff worked in excess of 40 hours. However, she was paid the same salary regardless of the number of hours worked during the week. Plaintiff was not paid for overtime hours, as required by law.

32. Plaintiff did not clock in and out, but Defendant was in absolute control of her schedule and activities and knew about the number of hours that Plaintiff and other similarly situated individuals were working.

33. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff was paid bi-weekly by direct deposits without accurate paystubs providing information about the actual number of hours worked.

35. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and

custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

36. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Plaintiff is not in possession of time and payment records, but she will provide a reasonable good-faith estimate based on her recollections and her knowledge. After discovery, Plaintiff will amend her statement of claim.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Six Thousand Three Hundred Eighty-Eight Dollars and 05/100 ($6,388.05)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 37 weeks
   Relevant weeks of employment: 37 weeks
   Total hours worked: 55 hours weekly
   Total number of unpaid O/T hours: 15 O/T hours
   Salary: $60,000 annually: 52 weeks=$1,153.85 + $112.50 average commisions
   Paid weekly: $1,266.35 weekly:55 hours=$23.02
   Regular rate: $23.02 x 1.5=$34.53 O/T rate-$23.02 O/T rate paid=$11.51
   Half-time O/T: $11.51

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

   This amount represents unpaid half-time overtime wages.[1]

38. At all times, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations. Plaintiff's commissions are included in her regular rate as an average of $112.50 weekly. Plaintiff will amend her SOC as necessary.

    them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

40. Defendant KCF TECHNOLOGIES willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action, and she is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff JULIET ESPINOZA and those similarly situated respectfully request that this Honorable Court:

    A. Enter judgment for Plaintiff JULIET ESPINOZA and other similarly situated individuals and against Defendant KCF TECHNOLOGIES based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

    B. Award Plaintiff JULIET ESPINOZA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

    E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff JULIET ESPINOZA demands a trial by a jury of all issues triable as of right by a jury.

Date: June 30, 2023,

                              Respectfully submitted,

                              By: **/s/ Zandro E. Palma**
                              ZANDRO E. PALMA, P.A.
                              Florida Bar No.: 0024031
                              9100 S. Dadeland Blvd.
                              Suite 1500
                              Miami, FL 33156
                              Telephone: (305) 446-1500
                              Facsimile:  (305) 446-1502
                              zep@thepalmalawgroup.com
                              *Attorney for Plaintiff*